UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-mj-6178-BSS

UNITED STATES OF AMERICA,

vs.

LUCSON APPOLON,

    Defendant.
_____/

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on April 22, 2019, a hearing was held to determine whether the defendant, Lucson Appolon, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions of release will reasonably assure the appearance of this defendant as required. Therefore, it is hereby ORDERED that the defendant, Lucson Appolon, be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1.    The defendant is charged with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. Therefore, the defendant is charged with neither a crime of violence or terrorism nor a crime that involves a minor victim, a controlled substance, firearms, explosives, or destructive devices. 18 U.S.C. § 3142(g)(1).

    2.    The Court received credible evidence that the defendant, Lucson Appolon, committed the offense with which he has been charged. The Government filed a Factual Summary in Support of Pretrial Detention ("Summary") (DE 6), which it adopted as its case

agent's testimony on direct examination. The content of that Summary was not impeached, contradicted, or rebutted, and the undersigned accepts the facts set forth therein as true for purposes of this bond determination. In pertinent part, the Summary states:

> Between in or about August 2018 and in or about April 2019, [Kevens] Louis and [Lucson] Appolon did knowingly and willfully conspire with each other and with other charged individuals (collectively, the "Target Subjects") to perpetuate a fraudulent scheme through the abuse of the U.S. Postal Service's ("USPS") Informed Delivery service in the Districts of Massachusetts, Maine, and New Hampshire, in violation of 18 U.S.C. § 1349 (wire fraud conspiracy).
>
> Informed Delivery is a notification service provided by the USPS that allows customers to preview images of their incoming mail. Users can log into their accounts to view incoming mail and an estimated delivery date for that mail, or can elect to receive emails containing this information. As detailed below, Appolon, Louis, and others accessed victims' personally identifying information, including names, Social Security Numbers, dates of birth, and addresses, on the "dark web" or on other forums, and then used the information to open credit cards in the victims' names. They subscribed to Informed Delivery using the victims' information and a fraudulent email address they created for this purpose, and tracked the delivery of the stolen credit cards. They then intercepted the credit cards at the victims' mailboxes and used them at ATMs and at Apple, Walmart, and other retailers. Louis and Appolon are residents of Florida, but they traveled to other states to carry out their conspiracy. In August 2018, Postal Inspectors and Massachusetts police departments began receiving mail theft and credit card fraud complaints. Similarly, between on or about December 24, 2018 and January 3, 2019, multiple victims from Maine reported that credit cards they did not order were used at Apple and Walmart.
>
> Flight records and records obtained from other businesses show that Appolon and Louis frequently flew from Fort Lauderdale, Florida ("FLL") to Boston, and from Boston to FLL during the times that fraudulent purchases

2

took place.[1]  For example, on September 19, 2018, surveillance[2] depicts Appolon and Louis renting a vehicle from Avis in East Boston, Massachusetts shortly before [the] fraudulent purchases described below. Appolon, Louis, and other Target Subjects are also repeatedly present on video surveillance using the victims' credit cards at the same times that bank records indicate that fraudulent transactions occurred on victims' accounts. In sum, the Target Subjects engaged in dozens of fraudulent transactions, causing an estimated $1.2 million in losses (based only on transactions identified to date).  The transactions set forth below are representative examples only.

On or about August 16, 2018, one or more of the Target Subjects signed up for a KeyBank card using the name, Social Security Number, date of birth, and address (hereinafter, "personal information") of Victim 1.  On August 17, 2018, one or more of the Target Subjects signed up for Informed Delivery using the name and address of Victim 1.  On August 29, 2018, at approximately 1:21 p.m., Louis entered the Apple Store in Marlborough, Massachusetts and used a credit card registered in Victim 1's name to purchase 4 Apple iPhone X's and one set of AirPods.  In the surveillance video, Louis is wearing the same sweat suit referenced in footnote 2 above.

On or about September 12, 2018, one or more of the Target Subjects signed up for a KeyBank credit card using the personal information of Victim 2, and the email julianneflightagent@gmail.com.  On or about September 12, 2018, one or more of the Target Subjects signed up for Informed Delivery using the name and address of Victim 2, and the email addresses nozoeleftbehind123@gmail.com.[3]  On or about September 16, 2018, one or more of the Target Subjects accessed julianneflightagent@gmail.com using

---

[1] For example, flight records show Appolon flew from FLL to Boston on August 21, 2018, and Louis flew from FLL to Boston on August 22, 2018. On December 24, 2018, Louis flew from FLL to JFK and from JFK to Portland, ME. On January 3, 2019, Louis flew from Boston to Jacksonville, FL and from Jacksonville to FLL.

[2] In Avis video footage and in the still image attached as Exhibit 1, Louis is shown wearing a long sleeved multicolor sweat suit. He was wearing the same outfit in additional video footage obtained during the investigation, in a video posted to his Instagram account on February 21, 2019, and at his arrest.

[3] The phrase "nozoeleftbehind" is a reference to Zoe Pound, a Miami-based gang whose criminal activities include drug trafficking, home invasion, and money laundering, among others.  Louis' Instagram repeatedly uses the hashtag #nozoeleftbehind.  USPIS has discovered numerous other fraudulent Informed Delivery accounts using emails with the same phrase "nozoeleftbehind".

the IP address 2607:fb90:689d:a506:8851:227b:6d3c:13d7 ("IP Address 1"). Using open source materials, investigators confirmed that IP Address 1 belongs to T-Mobile. T-Mobile records revealed that IP Address 1 was assigned to Louis. On September 18, 2018, at approximately 6:00 p.m., records and video surveillance confirm Louis and two of the Target Subjects used a KeyBank credit card registered in Victim 2's name and a KeyBank credit card registered in the name of Victim 3, to purchase $4,800 in gift cards at a Walmart in Chelmsford, Massachusetts. Surveillance video for the transaction shows Louis wearing the same outfit referenced in footnote 2 above.

On or about September 8, 2018, one or more of the Target Subjects signed up for a KeyBank credit card using the personal information of Victim 4 and the email bostonteam2020@gmail.com. Google records reveal that one or more of the Target Subjects logged into bostonteam2020@gmail.com on September 8, 2018, via the IP address 96.92.158.209 ("IP Address 2"). IP Address 2 was also used to log into Appolon's personal email address, youngaj62@gmail.com, on September 14, 2018 and four other email addresses used in connection with fraudulent Informed Delivery signups between September 7 and 12, 2018. IP Address 2 was then assigned to a Motel 6 located in Framingham, Massachusetts.[4] Additionally, the IP address 68.114.85.32 ("IP Address 3") is linked to fraudulent Informed Delivery signups[5] and to logins for youngaj62@gmail.com on September 16, 2018. IP Address 3 belongs to a Super 8 Motel in Sturbridge, Massachusetts.

On or about September 7, 2018, one or more of the Target Subjects used the personal information of Victim 5 to sign up for a fraudulent KeyBank account using the email mariapineda20150@gmail.com. IP Address 2, used to log into Appolon's personal Gmail account on September 14, 2018, was used to log into mariapineda20150@gmail.com on September 7, 2018. On or about September 15, 2018, one or more of the Target Subjects used Victim 5's name and address to sign up for a fraudulent Informed Delivery account. On September 16, 2018, at approximately 3:30 p.m., records and video surveillance show Appolon used the KeyBank credit card to purchase Visa gift cards at a Walmart in Worcester, Massachusetts.

On or about September 12, 2018, one or more of the Target Subjects used

---

[4] Investigators believe the Target Subjects were likely staying at this hotel using fake identification documents.

[5] One account set up via IP Address 3 is jugseason1804@gmail.com, which was also accessed via IP Address 1, assigned to Louis.

>Victim 6's personal information to sign up for a fraudulent Santander account using the email address nancymoore617@ gmail.com.  Appolon's personal email, youngaj62@gmail.com, is linked by machine cookies to nancymoore617@gmail.com, which means that the same phone or computer was used to sign in to both Appolon's personal email and the email used to further the fraud.  On September 13, 2018, one or more of the Target Subjects signed up for a fraudulent Informed Delivery account with Victim 6's name and address, again using the Appolon-linked fraud account, nancymoore617@gmail.com. On September 18, 2018 at approximately 9:20 p.m., Santander surveillance depicts Appolon using a Santander card registered in Victim 6's name to withdraw $500 from the Santander ATM in Sturbridge, Massachusetts.  Based on the losses attributed to the conspiracy to date and other sentencing factors, both Appolon and Louis are facing an estimated guideline range of 108-135 months' imprisonment based on an offense level of 31.

Summary at 1-5 (DE 6).  18 U.S.C. § 3142(g)(2).

3.The pertinent history and characteristics of the defendant are significant to this Court's assessment of his candidacy for bond.  According to the Pretrial Services Report, the defendant is a 26-year old citizen of Haiti who has lived in South Florida for the past 12 years and is now a permanent resident of the United States.  For the past 3 years, he has lived at a rented residence in Lauderhill (Florida) with his mother and brother.  The defendant has never been married; however, he has two minor children whom he reportedly supports.

According to the defendant, he possesses a valid Haitian passport and last traveled to Haiti in 2014.

The defendant advised that he has been unemployed for the past three months.  Previously, he worked as a chef for two years, earning $10 per hour.  He does not possess any assets.

According to the Pretrial Services Report, the defendant has pending charges for driving while license suspended and failure to appear.  The Report further shows that the

defendant has an active non-extradition warrant for this case through the Miami-Dade Police Department.

Given the totality of the following factors, the undersigned does not believe that the defendant would be likely to appear if released on bond prior to trial: the defendant is citizen of Haiti; the defendant retains ties to his native country, as evidenced by his travel to Haiti in 2014; the defendant does not have any financial ties either to the Southern District of Florida or the District of Massachusetts; the defendant does not have any emotional or familial ties to the District of Massachusetts; the defendant's role in the offense evidences his ability to travel great distances from his home and family and to acquire false documentation that could be used to conceal his true identity; the defendant has a pending charge for failing to appear, demonstrating his disregard for court directives; the evidence of the defendant's guilt is substantial; and, if convicted, the defendant faces a very lengthy term of incarceration – 108 to 135 months – followed by the prospect of his removal from the United States.  Accordingly, the release of this defendant prior to trial poses an unreasonable risk of flight.  18 U.S.C. § 3142(g)(3).

4.	Although the Government argues that the defendant presents an economic danger to the community, the Court does not agree that the defendant should be detained on that ground.  Significantly, this defendant has no prior convictions – indeed, he has no prior arrests for any felony offenses, let alone economic crimes.  Furthermore, there is no indication that he had any leadership or organizing role in the conspiracy.  Finally, were the defendant not a risk of flight, conditions of release could be set that would reasonable assure the Court that the defendant would not re-engage in credit card fraud while awaiting trial.   18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there is no condition or combination of conditions of release that reasonably will assure the defendant's appearance as required. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court concludes that this defendant poses an unreasonable risk of flight if released on bond prior to trial. Accordingly, the Court hereby directs:

1. That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the defendant be afforded reasonable opportunity for private consultation with counsel; and

3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this 22nd day of April 2019.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record

United States Marshal

United States Pretrial Services